MURDOCK, Justice
(concurring in part and dissenting in part).
I concur in all aspects of the main opinion except one. I respectfully dissent as to the determination in the main opinion that expert testimony was not needed in regard to the claim against Brookwood Health Services, Inc., and the corresponding reversal of the trial court’s summary judgment in favor of Brookwood.
The plaintiff, Felice McGathey, contends that expert testimony is not required to demonstrate that attaching to a patient’s hand a metal bar hot enough to burn human skin falls below the standard of care. McGathey cites Lloyd Noland Foundation, Inc. v. Harris, 295 Ala. 63, 66, 322 So.2d 709, 712 (1975), in which this Court stated that “[i]t does not require an expert to prove a hot object will burn human skin.”
The main opinion agrees with McGa-they’s framing of the issue before us, stating that “expert testimony was not necessary to establish that there was a breach in the standard of care owed McGathey that resulted in her hand and arm being burned by a metal bar during surgery because such ‘matters ... can be easily understood and determined by the average person without the aid of a medical expert.’ ” 39 So.3d at 192-93 (quoting Ford v. Stringfellow Mem’l Hosp., 39 So.3d 184, 193 (Ala.Civ.App.2009)).
With respect, I do not believe the question as framed by McGathey and the main opinion is the correct, specific question that must be asked as to Brookwood. The question is not whether attaching to a patient’s hand a metal bar hot enough to burn human skin falls below the standard of care. Indeed, the question before us is not even whether an expert is necessary to establish whether a 270-degree metal object of certain dimensions and metallurgical composition, when laid out on a table in an operating room of a certain temperature for approximately 40 minutes, if not more, will cool to a temperature safe for contact with human skin.
Instead, as I see it, the correct question in this particular case is whether an operating-room technician employed by a hospital, but assigned to assist a surgeon and that surgeon’s “physician’s assistant” in a given operating room, being aware that a metal bar had been heated to a temperature of 270 degrees and then been laid out to cool in that particular operating room for approximately 40 minutes or more, violated the standard of care by notifying the physician’s assistant that the metal bar was “hot” but thereafter deferring to that physician’s assistant’s determination that it had become safe to place the bar in a foam sleeve and then attach it to the patient’s hand. In short, did it violate the standard of care, given the particular circumstances of this case and the primary responsibili *110 ties assigned to different members of the surgical team, for someone in Paul Nun-nally’s position to defer to someone in Jennifer Rawlings’s position without taking some further action in an effort to prevent Rawlings from proceeding when and as she did? For this, I must conclude that testimony from an appropriate medical expert was necessary. The trial court reached the same conclusion. I therefore would affirm the trial court’s summary judgment for Brookwood.
SHAW, J., concurs.